Nathan Brown (SBN: 033482)
Nathan.Brown@BrownPatentLaw.com
BROWN PATENT LAW
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Telephone: (602) 529-3474

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the putative class*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Duke, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>American Express Company,<br><br>*Defendant.* | Case No. 4:23-cv-00125-RM-LCK<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES** |

**Request for Relief**

Debra Duke requests that this Court order American Express Company to answer interrogatory no. 7 and produce documents responsive to request for production no. 7.

**Background**

Through her class action complaint, Ms. Duke asserts that American Express routinely violated the Telephone Consumer Protection Act by making pre-recorded calls to the cellular phones of consumers like her who were not American Express account holders. *See* ECF 1.

In discovery, Ms. Duke has requested documents and information identifying the pre-recorded calls and cellular phone numbers that received those calls that fall within the potential class, but American Express refused to provide it. Copies of American Express's responses to Ms. Duke's interrogatories and requests for production are attached as Exhibits 1 and 2, respectively.

Indeed, as part of the parties' meet and confer, Plaintiff reframed her discovery requests to seek the precise records American Express used to identify potential class members for the parties' failed mediation.

Specifically, to resolve the parties' disputes as to interrogatory no. 7, request for production no. 7, and other corresponding discovery requests, consistent with the steps outlined by American Express's process prior to mediation, Plaintiff requested that American Express "agree to produce records reflecting each attempt by Amex, or a vendor on Amex's behalf, to place a pre-recorded or artificial voice call to a phone number not identified as a landline in Amex's records and for which Amex's records reflect at least one instance of a wrong party/never call notation on an account associated with the phone number for all Amex accounts for the period of March 2019 through June 2024."

However, despite already having gathered this information, American Express stood on its objections and refused to respond to interrogatory no. 7 and request for production no. 7, resulting in this motion.

**Disputed Discovery Requests**

1. **INTERROGATORY NO. 7:**

For the telephone numbers Defendant referenced by interrogatory nos. 4-5,[1] identify the number of calls, in connection with which it used an artificial or prerecorded voice, that Defendant made, or caused to be made, to the telephone numbers.

2. **RESPONSE TO INTERROGATORY NO. 7:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor

---

[1] Interrogatory no. 4 requests "telephone numbers for which Defendant's records show that (i) a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, (ii) a person associated with one of the telephone numbers indicated that Defendant contacted the wrong person or telephone number, or (iii) a vendor identified the telephone number as a potential wrong or reassigned telephone number."

Interrogatory no. 5 requests "telephone numbers to which Defendant made, or caused to be made, calls, in connection with which Defendant used an artificial or prerecorded voice that the Defendant had dispositioned the relevant phone number as an 'Invalid Number'."

a relevant time period; and (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: American Express cannot readily determine the frequency with which an error made by a cardmember on an application results in the making of a phone call to someone other than the cardmember, the frequency with which such calls might be made to a cellular telephone, or the frequency with which such calls might be made with pre-recorded or artificial voice technology. Nor can American Express systematically determine who might have received such calls as a result of cardmember error.

**3. REQUEST FOR PRODUCTION NO. 7:**

For the telephone numbers referenced by interrogatory nos. 4-5, and request for production nos. 4-5, documents and electronically stored information sufficient to identify the calls, in connection with which it used an artificial or rerecorded voice, and the total number of them, that Defendant made, or caused to be made, to those telephone numbers.

**4. RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-

-4-

product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

## Standard

"The scope of discovery and grounds for a protective order are set forth in the Federal Rules of Civil Procedure. [']Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.['] Fed. R. Civ. P. 26(b)(1)." *Gracia v. Nanos*, No. CV-20-00451-TUC-LCK, 2021 U.S. Dist. LEXIS 224396, at *1-2 (D. Ariz. Nov. 10, 2021).

"Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery. The Court has broad discretion to decide whether to compel disclosure of discovery. The Ninth Circuit has held that there are 'liberal discovery principles' under the Federal Rules and that the party resisting discovery thus carries a 'heavy burden of showing' why a request for

discovery should be denied." *Whitman v. State Farm Life Ins. Co.*, No. 3:19-cv-06025-BJR, 2020 U.S. Dist. LEXIS 168906, at *5 (W.D. Wash. Sep. 15, 2020).

### Argument

### Ms. Duke is entitled to answers and documents responsive to interrogatory no. 7 and request for production no. 7

Ms. Duke asserts that American Express routinely violated the Telephone Consumer Protection Act by making pre-recorded calls to the cellular phones of consumers like her who were not American Express account holders. *See* ECF 1.

Against this backdrop, Ms. Duke served American Express with interrogatories and requests for production intended to elicit information and documents regarding the cellular phone numbers to which American Express made pre-recorded calls, as well as the calls it made to those numbers. *See* interrogatory no. 7 and request for production no. 7. And American Express has objected to this discovery in total.

Significant, then, is that "courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. *Gebka v. Allstate Corp.*, No: 19-cv-06662, 2021 U.S. Dist. LEXIS 41078, 2021 WL 825612, at *19 (N.D. Ill. Mar. 4 2021); *Thrasher v. CMRE Fin. Servs.*, No. 14-1540, 2015 U.S. Dist. LEXIS 34965, 2015 WL 1138469, at *2 (S.D. Cal. Mar. 13, 2015); *see also, e.g., Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 U.S. Dist.

LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017); *Median v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3-4 (S.D. Fla. Nov. 9, 2017); *Gosset v. CMRE Fin. Servs.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015). The 'pertinent question is . . . whether the documents contain information that 'bears relevant on the issue of class certification.' *Gebka*, 2021 U.S. Dist. LEXIS 41078, 2021 WL 825612, at *19 (citing *Knutson v. Schwan's Home Serv.*, No. 12cv964-GPC (DHB), 2013 U.S. Dist. LEXIS 98735, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013))." *Fralish v. Dig. Media Sols.*, No. 3:21-CV-00045-JD-MGG, 2021 U.S. Dist. LEXIS 225281, at *26-27 (N.D. Ind. Nov. 17, 2021); *see, e.g., Warren v. Credit Pros Int'l Corp.,* No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, at *21 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members, because Defendant has not moved to bifurcate class and merits discovery and such information is relevant both to the merits of Plaintiff's claims and to the numerosity and commonality requirements in Rule 23, Fed.R.Civ.P.").

At bottom, consistent with the Ninth Circuit's liberal discovery principles and a defendant's heavy burden in resisting discovery, decisions compelling call and text message data in TCPA class actions are rooted in a deep history of district courts rebuking TCPA defendants for refusing to provide class-related information and documents. *See, e.g., Cahill v. GC Servs. Ltd. P'ship,* No. 17-1308, 2018 WL

1791910, at *4 (S.D. Cal. Apr. 16, 2018) ("RFPs 10-13 and 18 are relevant at least to the issues of numerosity and commonality. The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a)[.]'"); *Mbazomo v. ETourandTravel, Inc.*, No. 16-2229, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) ("[T]he Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to the commonality prong of the class certification inquiry. The requested list would also be relevant to Plaintiff's need to show numerosity."); *O'Shea v. Am. Solar Sol., Inc.*, No. 14-894, 2016 WL 701215, at *3 (S.D. Cal. Feb. 18, 2016) ("[T]he Court agrees that the documents sought are relevant to his action. Specifically, these requests generally concern the total number of call recipients and the total number of phone calls made to them."); *Gossett v. CMRE Fin. Servs.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015) (ordering the defendant to produce outbound call lists and explaining that they are "relevant to the class claims and meritorious claims and defenses in this case"); *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. 13-737, 2014 WL 325132, at *2-3 (N.D. Cal. Jan. 29, 2014) (compelling the same).

As one court explained: "[T]he Court cannot permit [a defendant] on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified." *Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12-5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013).

American Express, however, refuses to answer or produce documents responsive to Ms. Duke's interrogatory and requests for production intended to elicit information and documents regarding the cellular phone numbers to which American Express made pre-recorded calls, as well as the calls it made or caused to be made to the numbers.

In doing so, American Express objects to Ms. Duke's interrogatory and requests for production primarily on the grounds that they are overbroad, unduly burdensome, harassing, irrelevant and not proportional to the needs of the case because they are not properly limited to the claims asserted in this action.

However, the information and documents Plaintiff seeks are the precise information and documents American Express already collected and relied on to identify potential class members in connection with the parties' failed mediation.

Not surprisingly then, American Express makes no effort whatsoever—nor could it—to do anything "more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overlybroad'." *Lavalle v. One Buckhead Loop Condo. Ass'n, Inc.*, No. 1:08-CV-3678-BBM-AJB, 2009 WL 10711942, at *3 (N.D. Ga. Apr. 10, 2009). And it certainly does not, as it must, 'establish[] undue burden' through detailed affidavits or other evidence[.] *Coker v. Duke & Co., Inc.,* 177 F.R.D. 682, 686 (M.D.Ala.1998). Consequently, because [American Express] fails to 'show specifically . . . how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden'," *Lavalle,* 2009 WL 10711942, at *3, its objections sounding in burden, overbreadth, and proportionality fail.

Indeed, the court in *Digital Media Sols., Inc.* stated as much, when faced with similar objections to discovery requests that are analogous to Ms. Duke's discovery requests at issue here:

> Digital simply presents conclusory assertions that the burden of producing information responsive to ROGs 7–16 and RFPs 7–14, 17, 19, 34–35 would completely outweigh any benefit to Mr. Fralish without any explanation of the nature of the burden of production or any comparison to the benefit of Mr. Fralish. [DE 28 at 3, 5]. The benefit of the production of the information sought through ROGs 8–14 and RFPs 7–10, 14 is demonstrated by the fact that it is relevant to the Rule 23 class action certification requirements as discussed above. *See Gebka*, 2021 WL 825612, at *6–7. Additionally, the production of the discovery sought in ROGs 15–16, RFPs 7, 11–12, 34–35, would be beneficial insofar as it is relevant to Digital's affirmative defense that they had received consent to contact Mr. Fralish and members of the putative class. [DE 6 at 20]. As Digital has not shown the point at which the burden of producing this discovery outweighs its benefits, Digital has not met its burden and its undue burden objections are overruled.

2021 U.S. Dist. LEXIS 225281, at *28-29.

And American Express's other asserted objections are similarly insufficient for American Express to refuse to respond to Ms. Duke's discovery requests. The call information and records Plaintiff seeks are not attorney-client privileged or attorney work-product. And any confidentiality or privacy concern can be addressed by designating documents confidential pursuant to the protective order in place in this action, just like American Express has done with the scant records it has produced relating to the calls to Ms. Duke.

Ms. Duke, therefore, asks this Court to order American Express to answer interrogatory no. 7 and produce documents responsive to request for production no. 7.

### Conclusion

Ms. Duke requests that this Court order American Express to answer interrogatory no. 7 and produce documents responsive to request for production no. 7.

### CERTIFICATION OF CONSULTATION

The undersigned counsel hereby certifies that after personal consultation with Defendant's counsel and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

DATED this 12th day of July, 2024.

/s/ Avi R. Kaufman
Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Nathan.Brown@BrownPatentLaw.com

*Attorneys for Plaintiff and the putative Class*