STEPTOE & JOHNSON LLP
STEPHEN NEWMAN (State Bar No. 181570)
ALICE KWAK (State Bar No. 318883)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: 213.439.9400; Fax: 213.439.9599
Email: snewman@steptoe.com
akwak@steptoe.com

Daniel P. Velocci (025801)
IANNITELLI MARCOLINI, P.C.
5353 North 16th Street, Suite 315
Phoenix, Arizona 85016
Telephone: 602.952.6000; Fax: 602.952.7020
Email: dpv@imlawpc.com

Attorneys for Defendant
  AMERICAN EXPRESS NATIONAL BANK
  (erroneously named as American Express
  Company)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Debra Duke, | Case No. 4:23-cv-00125-RM-LCK |
| Plaintiff, | **DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO PLAINTIFF'S INTERRGATORIES, SET NO. ONE** |
| v. | |
| American Express Company, a New York registered corporation | |
| Defendant. | |

---

1
DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO PLAINTIFF'S
INTERRGATORIES, SET NO. ONE

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff DEBRA DUKE |
| RESPONDING PARTY: | Defendant AMERICAN EXPRESS NATIONAL BANK, erroneously sued as American Express Company |
| SET NO: | One (1) |

Pursuant to Federal Rule of Civil Procedure 33, defendant American Express National Bank ("American Express"), erroneously sued as American Express, hereby responds and objects to the Interrogatories, Set No. One ("Interrogatories") propounded by plaintiff Debra Duke ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

American Express responds to the Interrogatories and provides these responses to the Interrogatories based upon the investigation conducted in the time available since service of the Interrogatories. As of the date of these Responses, American Express has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of plaintiff and/or third parties. As a consequence, American Express's Responses are based upon information now known to American Express and that American Express believes to be relevant to the subject matter covered by the Interrogatories.

## GENERAL OBJECTIONS

1. American Express objects to the Interrogatories to the extent that they seek to impose burdens on American Express that are inconsistent with, or in addition to, American Express's discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Arizona. American Express will respond consistent with its obligations under these Rules.

2. American Express objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity. American Express will not provide information subject to any such privilege or protection.

3. American Express objects to the Interrogatories as unduly burdensome to the extent that they seek to impose on American Express the obligation to identify facts that are not known to American Express or American Express's personnel. American Express will not undertake to ascertain facts that are not reasonably within American Express's knowledge and control.

4. American Express objects to the Interrogatories to the extent that they seek information in which parties or non-parties have a legitimate expectation or right of privacy pursuant to the Constitution, statute or case law.

5. American Express objects to the Interrogatories on the grounds that they are vague and ambiguous.

6. American Express objects to the Interrogatories on the grounds that they are compound.

7. American Express objects to the Interrogatories on the grounds that they are overbroad, unduly burdensome and harassing.

8. American Express objects to the Interrogatories on the grounds that they are not limited to a time period relevant or even proximate to the events at issue in this action.

9. American Express objects to the Interrogatories on the grounds that they seek information that is neither relevant nor proportional to the needs of the case.

10. American Express objects to the Interrogatories to the extent that they seek confidential, proprietary business information that belongs to American Express. American Express will only provide any such confidential information

upon execution by the parties, and entry by the Court or mediator, of an appropriate Stipulation of Confidentiality and Protective Order.

11. American Express objects to the Interrogatories to the extent that they purport to require American Express to prepare compilations, abstracts or summaries of documents that American Express has produced or will produce in this action. Pursuant to Federal Rule of Civil Procedure 33(d), American Express is not required to respond to such Interrogatories.

12. All information disclosed by American Express in response to the Interrogatories are subject to all objections as to competence, relevance, materiality and admissibility, as well as to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and American Express expressly reserves all such objections and such grounds.

13. American Express incorporates these General Objections into each Response herein as if fully set forth.

## SPECIFIC RESPONSES

### INTERROGATORY NO. 1:

Identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and 520-820-1127 including the date, time, substance of, and disposition of, the communications or attempted communications.

### RESPONSE TO INTERROGATORY NO. 1:

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a

relevant time period; and (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: Pursuant to FRCP Rule 33(d), American Express refers Plaintiff to AmEx_Duke008 to AmEx_Duke0069 produced in response to Plaintiff's Requests for Production from which the answer to this Interrogatory may be obtained.

**INTERROGATORY NO. 2:**

Identify the reason(s) Defendant placed, or caused to be placed, calls, to Plaintiff, or to 520-820-1127, including identifying the intended recipient(s) of Defendant's calls and prerecorded voice messages.

**RESPONSE TO INTERROGATORY NO. 2:**

American Express objects to this Interrogatory on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties; and (iv) it seeks information in which non-parties have a legitimate expectation and/or right of privacy pursuant to the constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: The calls placed by American Express were placed because an American Express cardmember provided the phone number at issue on their application for an AmEx account.

**INTERROGATORY NO. 3:**

Identify the number of unique telephone numbers to which Defendant made, or caused to be made, calls, in connection with which Defendant used an artificial or prerecorded voice.

5
DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO
PLAINTIFF'S INTERROGATORIES, SET NO. ONE

**RESPONSE TO INTERROGATORY NO. 3:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties; and (v) it seeks information in which non-parties have a legitimate expectation and/or right of privacy pursuant to the constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: Pursuant to FRCP Rule 33(d), American Express refers Plaintiff to AmEx_Duke008 to AmEx_Duke0069 produced in response to Plaintiff's Requests for Production from which the answer to this Interrogatory may be obtained.

**INTERROGATORY NO. 4:**

For the telephone numbers referenced by the prior interrogatory, identify the number of those telephone numbers for which Defendant's records show that (i) a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, (ii) a person associated with one of the telephone numbers indicated that Defendant contacted the wrong person or telephone number, or (iii) a vendor identified the telephone number as a potential wrong or reassigned telephone number.

**RESPONSE TO INTERROGATORY NO. 4:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs

of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties; and (v) it seeks information in which non-parties have a legitimate expectation and/or right of privacy pursuant to the constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: American Express cannot readily determine the frequency with which an error made by a cardmember on an application results in the making of a phone call to someone other than the cardmember, the frequency with which such calls might be made to a cellular telephone, or the frequency with which such calls might be made with pre-recorded or artificial voice technology. Nor can American Express systematically determine who might have received such calls as a result of cardmember error.

**INTERROGATORY NO. 5:**

Identify the number of unique telephone numbers to which Defendant made, or caused to be made, calls, in connection with which Defendant used an artificial or prerecorded voice that the Defendant had dispositioned the relevant phone number as an "Invalid Number".

**RESPONSE TO INTERROGATORY NO. 5:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague, ambiguous, and unintelligible (e.g. dispositioned the relevant phone number as an "Invalid Number"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties; and (v) it seeks

information in which non-parties have a legitimate expectation and/or right of privacy pursuant to the constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: American Express cannot readily determine the frequency with which an error made by a cardmember on an application results in the making of a phone call to someone other than the cardmember, the frequency with which such calls might be made to a cellular telephone, or the frequency with which such calls might be made with pre-recorded or artificial voice technology. Nor can American Express systematically determine who might have received such calls as a result of cardmember error.

**INTERROGATORY NO. 6:**

For the telephone numbers Defendant referenced by interrogatory nos. 4-5, identify the number of those telephone numbers that were, or that Defendant's records indicate were, assigned to a cellular telephone service during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 6:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties; and (v) it seeks information in which non-parties have a legitimate expectation and/or right of privacy pursuant to the constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: American Express cannot readily determine the frequency with which an error made by a cardmember

on an application results in the making of a phone call to someone other than the cardmember, the frequency with which such calls might be made to a cellular telephone, or the frequency with which such calls might be made with pre-recorded or artificial voice technology. Nor can American Express systematically determine who might have received such calls as a result of cardmember error.

**INTERROGATORY NO. 7:**

For the telephone numbers Defendant referenced by interrogatory nos. 4-5, identify the number of calls, in connection with which it used an artificial or prerecorded voice, that Defendant made, or caused to be made, to the telephone numbers.

**RESPONSE TO INTERROGATORY NO. 7:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; and (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: American Express cannot readily determine the frequency with which an error made by a cardmember on an application results in the making of a phone call to someone other than the cardmember, the frequency with which such calls might be made to a cellular telephone, or the frequency with which such calls might be made with pre-recorded or artificial voice technology. Nor can American Express systematically determine who might have received such calls as a result of cardmember error.

**INTERROGATORY NO. 8:**

Describe Defendant's efforts to verify or confirm that telephone number 520-820-1127 was assigned to the intended recipient of Defendant's calls to it.

**RESPONSE TO INTERROGATORY NO. 8:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties; and (v) it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or applicable regulatory privilege.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: American Express contacts its cardmembers using the information provided by the cardmember in their application for an American Express account for reasons concerning an account, such as suspected fraudulent activity or account delinquency. Here, the cardmember American Express intended to call provided Plaintiff's phone number on the cardmember's application as the cardmember's actual phone number was different from Plaintiff's phone number by a single digit.

**INTERROGATORY NO. 9:**

Describe Defendant's efforts to verify or confirm that telephone number 520-820-1127 was a cellular telephone number.

**RESPONSE TO INTERROGATORY NO. 9:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time

period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties; and (v) it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or applicable regulatory privilege.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows American Express contacts its cardmembers using the information provided by the cardmember in their application for an American Express account for reasons concerning an account, such as suspected fraudulent activity or account delinquency. Here, the cardmember American Express intended to call provided Plaintiff's phone number on the cardmember's application as the cardmember's actual phone number was different from Plaintiff's phone number by a single digit. Accordingly, because American Express believed it had express consent to call the number, there was no need to determine the kind of telephone equipment used by the cardmember.

**INTERROGATORY NO. 10:**

Identify any entity or entities that Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages to telephone number 520-820-1127.

**RESPONSE TO INTERROGATORY NO. 10:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; and (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period.

**INTERROGATORY NO. 11:**

Identify each code or notation Defendant used to document that it delivered, or attempted to deliver, an artificial or prerecorded voice message, or that such a message played.

**RESPONSE TO INTERROGATORY NO. 11:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; and (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: Pursuant to FRCP Rule 33(d), American Express refers Plaintiff to the AmEx_Duke0070 to AmEx_Duke0137 produced in response to Plaintiff's Requests for Production from which the answer to this Interrogatory may be obtained.

**INTERROGATORY NO. 12:**

Identify each code or notation Defendant used to document when a call recipient informs Defendant that it reached the wrong person or wrong telephone number.

**RESPONSE TO INTERROGATORY NO. 12:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous (e.g. "code or notation"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; and (iv) it seeks confidential,

proprietary business information that belongs to American Express and/or third-parties.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Interrogatory as follows: Pursuant to FRCP Rule 33(d), American Express refers Plaintiff to AmEx_Duke0070 to AmEx_Duke0137 produced in response to Plaintiff's Requests for Production from which the answer to this Interrogatory may be obtained.

**INTERROGATORY NO. 13:**

Identify any vendor(s) Defendant used to attempt to identify telephone numbers that are not, or are no longer, assigned to Defendant's customers.

**RESPONSE TO INTERROGATORY NO. 13:**

American Express objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action nor a relevant time period; (iii) it seeks information that is neither relevant nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action nor a relevant time period; and (iv) it seeks confidential, proprietary business information that belongs to American Express and/or third-parties.

Dated: September 19, 2023

STEPTOE & JOHNSON LLP
STEPHEN J. NEWMAN
ALICE KWAK

By: _____
Alice Kwak

*Attorneys for Defendant*
AMERICAN EXPRESS NATIONAL BANK, erroneously named as AMERICAN EXPRESS COMPANY

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 633 West Fifth Street, Suite 1900, Los Angeles, California 90071.

On **September 19, 2023,** I served true copies of the following document(s) described as **DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO PLAINTIFF'S INTERRGATORIES, SET NO. ONE** on the interested parties in this action as follows:

| | |
|---|---|
| Nathan Brown<br>Nathan.Brown@BrownPatentLaw.com<br>BROWN PATENT LAW<br>15100 N 78th Way Suite 203<br>Scottsdale, AZ 85260<br>Telephone: (602) 529-3474 | Avi R. Kaufman<br>kaufman@kaufmanpa.com<br>KAUFMAN P.A.<br>237 S Dixie Hwy, 4th Floor<br>Coral Gables, FL 33133<br>Telephone: (305) 469-5881 |

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 19, 2023, at Los Angeles, California.

/s/ Inez N. Brown
Inez N. Brown
