STEPTOE & JOHNSON  LLP
STEPHEN NEWMAN (SBN. 181570)
ALICE KWAK (SBN. 318883)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone:  213.439.900
Facsimile:  213.439.9599
Email:        snewman@steptoe.com
                  akwak@steptoe.com

Daniel P. Velocci (025801)
IANNITELLI MARCOLINI, P.C.
5353 North 16th Street, Suite 315
Phoenix, Arizona 85016
Telephone: 602.952.6000
Fax: 602.952.7020
Email: dpv@imlawpc.com

Attorneys for Defendant
    AMERICAN EXPRESS NATIONAL BANK
    (erroneously named as American Express
    Company)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Duke, | Case No. 4:23-cv-00125-RM-LCK |
| Plaintiff, | **DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET NO. ONE** |
| v. | |
| American Express Company, a New York registered corporation | |
| Defendant. | |

1

| | |
|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff DEBRA DUKE |
| 2 | RESPONDING PARTY: | Defendant AMERICAN EXPRESS NATIONAL |
| 3 | | BANK, erroneously sued as American Express |
| 4 | | Company |
| 5 | SET NO: | One (1) |

Pursuant to Federal Rule of Civil Procedure 34, defendant American Express National Bank ("American Express"), erroneously sued as American Express Company, hereby responds and objects to the Requests for Production, Set No. One ("Requests") propounded by plaintiff Debra Duke ("Plaintiff"), as follows:

### PRELIMINARY STATEMENT

American Express respond to the Requests based on the investigation conducted in the time available since service of the Requests. American Express' responses are based on information now known to American Express and that American Express believe to be relevant to the subject matter covered by the Requests. In the future, American Express may acquire additional information, or discover information currently in its possession, bearing on the Requests and American Express' responses. American Express reserve the right: (a) to make subsequent revisions or amendments to these responses based on any information, documents or evidence that may be subsequently discovered, or the relevance of which may be subsequently discovered; and (b) to produce, introduce or rely on additional or subsequently acquired or discovered information, documents or evidence at trial or in any pretrial proceedings in this action. American Express incorporate this Preliminary Statement into each response as if fully set forth in the response.

DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO
PLAINTIFF'S REQUESTS FOR PRODUCTION, SET NO. ONE

# GENERAL OBJECTIONS

1.     American Express objects to the Requests to the extent that the Requests seek to impose burdens on American Express that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Arizona.

2.     American Express objects to the Requests to the extent they seek documents or information that are not readily available to American Express and/or are not in American Express's possession, custody or control, and to the extent they seek to require American Express to produce documents or information in the possession, custody or control of other persons or entities or to create documents not presently in the possession, custody or control of American Express.

3.     American Express objects to the Requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other applicable privilege, doctrine, immunity, statute, regulation, rule or restriction.  The inadvertent production of documents that are privileged or non-responsive shall not be deemed to waive the privilege, or to constitute an acknowledgement that the documents (or category of documents to which they belong) are called for by the Requests, and American Express reserves the right to recall materials produced through inadvertence.

4.     American Express objects to the Requests to the extent that the Requests seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this arbitration.

5.     American Express objects to the Requests to the extent that the Requests are not limited to a time period relevant or even proximate to the events at issue in this arbitration.

6.    American Express objects to the Requests to the extent that they are vague and ambiguous and do not specify the documents or information sought with sufficient particularity to enable American Express to respond fully thereto.

7.    American Express objects to the Requests to the extent that the Requests are overbroad, unduly burdensome and/or harassing.

8.    American Express objects to the Requests to the extent that the Requests seek confidential, proprietary business documents that belong to American Express and/or third parties.  American Express will not produce such documents without agreement by the parties, and entry by the arbitrator, of an appropriate stipulation regarding confidentiality and protective order.

9.    American Express objects to the Requests to the extent that the Requests seek documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law

10.    Any documents that American Express may produce in response to the Requests are subject to all objections as to competence, relevance, materiality and admissibility, as well as to any other objections on any grounds that would require the exclusion of the document or any portion thereof if such document were offered into evidence, and American Express expressly reserves all such objections and grounds.

11.    American Express incorporates these General Objections into each specific objection as if fully set forth therein.  Without waiving any of the foregoing objections, all of which are incorporated by reference in each of the responses below, American Express specifically responds to the Requests as follows:

12.    American Express incorporates these General Objections into each Response herein as if fully set forth.

The acts alleged by Plaintiff

## SPECIFIC RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "the acts"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (iii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; and (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity.

### REQUEST FOR PRODUCTION NO. 2:

All indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "all communications with those third parties"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not

1   properly limited to the claims asserted in this action; and (iiiv) it seeks documents

2   protected from disclosure by the attorney-client privilege, the attorney work-product

3   doctrine, applicable regulatory privilege or any other privilege or immunity.

4   **REQUEST FOR PRODUCTION NO. 3:**

5       All documents concerning the Plaintiff or telephone number 520-820-1127.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7       American Express objects to this Request on the grounds that: (i) it is

8   overbroad, unduly burdensome and harassing because it is not properly limited to the

9   claims asserted in this action; (ii) it seeks documents that are neither relevant to any

10  party's claims or defenses nor proportional to the needs of the case because it is not

11  properly limited to the claims asserted in this action; (iii) it seeks confidential,

12  proprietary business documents that belong to American Express and/or third-parties;

13  (iv) it seeks documents in which non-parties have a legitimate expectation and/or

14  right of privacy pursuant to Constitution, statute and/or case law; and (v) it seeks

15  documents protected from disclosure by the attorney-client privilege, the attorney

16  work-product doctrine, applicable regulatory privilege or any other privilege or

17  immunity.

18  Without waiving, and subject to, these objections and the General Objections,

19  American Express responds to this Request as follows:  American Express refers

20  Plaintiff to AmEx_Duke0001 to AmEx_Duke0069 of its document production,

21  which is subject to the Protective Order.

22  **REQUEST FOR PRODUCTION NO. 4:**

Case 4:24-cv-00016-JGZ Document 48-1 Filed 11/12/24 Page 6 of 26

23      All documents concerning prerecorded voice calls, including calls made on

24  your behalf, including, but not limited to, call records, transmission reports, call

25  reports or call logs.

26

27

28

DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO
PLAINTIFF'S REQUESTS FOR PRODUCTION, SET NO. ONE

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "calls made on your behalf"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Request as follows: American Express refers Plaintiff to AmEx_Duke008 to AmEx_Duke0069 of its document production, which is subject to the Protective Order.

## REQUEST FOR PRODUCTION NO. 5:

For the telephone numbers referenced by interrogatory no. 4-5, and request for production no. 4, documents and electronically stored information sufficient to identify those telephone numbers for which Defendant's records show that (i) a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, (ii) a person associated with one of the telephone numbers indicated that Defendant contacted the wrong person or telephone number, or (iii) a vendor identified the telephone number as a potential wrong or reassigned telephone number.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "called party"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Request as follows: American Express refers Plaintiff to AmEx_Duke008 to AmEx_Duke0137 of its document production, which is subject to the Protective Order.

## REQUEST FOR PRODUCTION NO. 6:

For the telephone numbers referenced by interrogatory nos. 4-5, and request for production nos. 4-5, documents and electronically stored information sufficient to identify those telephone numbers that were, or that Defendant's records indicate were, assigned to a cellular telephone service during the relevant time period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "assigned to a cellular telephone service"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly

limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

**REQUEST FOR PRODUCTION NO. 7:**

For the telephone numbers referenced by interrogatory nos. 4-5, and request for production nos. 4-5, documents and electronically stored information sufficient to identify the calls, in connection with which it used an artificial or rerecorded voice, and the total number of them, that Defendant made, or caused to e made, to those telephone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

**REQUEST FOR PRODUCTION NO. 8:**

For the telephone numbers referenced and requested by interrogatory nos. 4-5 and request for production nos. 4-5, and the telephone numbers Defendant identifies

through its answers to interrogatory nos. 4-5 and through its responses to request for production nos. 4-5, documents and electronically stored information Defendant contends is evidence of prior express consent it had, or has, to place calls, in connection with which it used an artificial or prerecorded voice, to those telephone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes a person's indication that Defendant contacted the wrong person or wrong telephone number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "person's indication"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (iii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims

asserted in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (ii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (vi) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Request as follows: American Express refers Plaintiff to AmEx_Duke008 to AmEx_Duke0137 of its document production, which is subject to the Protective Order.

## REQUEST FOR PRODUCTION NO. 10:

Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes that Defendant laced a call to a reassigned telephone number, intending to reach a prior owner of, user of, or subscriber to the telephone number.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "reassigned telephone number" and "subscriber to the telephone number"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (iii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (ii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is associated with the individual Defendant intends to reach at that telephone number, and any vendors Defendant utilizes for that purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

American Express objects to this Request on the grounds that: (i) it is vague, ambiguous, and unintelligible (e.g. "utilizes for that purpose"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (iii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (ii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Request as follows:  American Express refers Plaintiff to AmEx_Duke008 to AmEx_Duke0137 of its document production, which is subject to the Protective Order.

**REQUEST FOR PRODUCTION NO. 12:**

Audits, reports, and reviews regarding calls Defendant made, or caused to be made, to alleged wrong or reassigned cellular telephone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any

party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 13:**

Results of any scrubs or other analyses Defendant preformed, or used vendors to perform, to identify telephone numbers no longer associated with, or negatively associated with, its accountholders or customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Request as follows: American Express refers Plaintiff to AmEx_Duke008 to AmEx_Duke0069 of its document production, which is subject to the Protective Order.

**REQUEST FOR PRODUCTION NO. 14:**

DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO
PLAINTIFF'S REQUESTS FOR PRODUCTION, SET NO. ONE

All documents concerning policies and procedures relating in any way to telemarketing and/or Telephone Consumer Protection Act compliance by Defendant and/or its agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; and (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 15:**

Recordings of all outbound prerecorded voice calls made by or on behalf of Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; and (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify every company involved in the making of prerecorded voice calls on behalf of Defendant, including but not limited to phone carriers, dialing platforms, and/or lead services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "involved in the making of prerecorded voice calls") it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify every client relationship management system, program, or platform utilized by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "client relationship management system program") it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; and (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 18:**

All contracts or agreements or documents or communications concerning any contracts or agreements between You and any third party concerning the making of prerecorded voice calls by or on behalf of Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "concerning the making of prerecorded voice calls") it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; and (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the manner in which the list(s) of telephone numbers to which prerecorded voice calls, were made by or on behalf of Defendant was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who compiled them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "list(s) of telephone numbers to which prerecorded calls") it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; and (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties.

**REQUEST FOR PRODUCTION NO. 20:**

All documents containing any of the following information for each outbound prerecorded voice call made by you or your vendors:

a)    the date and time;

b) the caller ID;

c) copy of the prerecorded voice call;

d) dialing system used;

e) the result;

f) any stop request or indication that the call recipient was not the intended recipient;

g) identifying information for the recipient; and

h) any other information stored by the call detail records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (iv) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify all telephone numbers used by or on behalf of Defendant to make outbound prerecorded voice calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it

seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (iv) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Request as follows:  The numbers from which American Express and its agents called Plaintiff are (800) 528-4800; (888) 819-2135; (520) 451-5330; (520) 467-0058; (520) 500-9431; and (520) 416-4332.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning Defendant's policies, practices, and/or procedures for making prerecorded voice calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

American Express objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (ii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iii) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (iv) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

Without waiving, and subject to, these objections and the General Objections, American Express responds to this Request as follows:  American Express refers Plaintiff to AmEx_Duke0070 to AmEx_Duke0137 of its document production, which is subject to the Protective Order.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning complaints or do-not-call requests concerning outbound calls including prerecorded voice calls, including, but not limited to, lists or databases containing complaints and metadata about them, and information identifying the complainants. This request includes any complaints to you by mail, email, text live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "complaints and metadata about them"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (iii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it seeks documents in which non-parties have a legitimate expectation and/or right of privacy pursuant to Constitution, statute and/or case law.

**REQUEST FOR PRODUCTION NO. 24:**

All documents identified in Defendant's initial disclosures or any amendment thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

American Express will produce those non-privileged, non-private documents within its possession, custody or control that are responsive to this Request and that can be located after a diligent search and reasonable inquiry, upon entry of an appropriate Protective Order.

1  **REQUEST FOR PRODUCTION NO. 25:**

2      All documents you or your attorney have received in conjunction with any

3  third-party subpoena that you have issued in this case.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

5      American Express objects to this Request on the grounds that: (i) it is

6  premature in that it purports to require American Express to disclose subpoenaed

7  documents in advance of what is required under the FRCP; and (ii) it seeks

8  documents protected from disclosure by the attorney-client privilege, the attorney

9  work-product doctrine, applicable regulatory privilege or any other privilege or

10 immunity.

11     Without waiving, and subject to, these objections and the General Objections,

12 American Express responds to this Request as follows:  There are no documents

13 responsive to this request.  To date, no subpoenas have been issued.

14 **REQUEST FOR PRODUCTION NO. 26:**

15     All documents that reflect or include the opinions of any expert witnesses you

16 have retained or intend to use in this case, and

17     a.      all documents that such expert relied on to form such opinions;

18     b.      all documents created by the expert in the course of preparing an

19 opinion;

20     c.      all documents provided to the expert by you or your attorney, including

21 documents identifying assumptions relied on by the expert;

22     d.      all documents provided by the expert to you or your attorney;

23     e.      all documents reviewed by the expert in connection with this litigation;

24     f.      all documents that memorialize the terms upon which the expert has

25 been retained by you or your attorney to serve as an expert in this litigation;

26

27

28

g.      all time and billing records (including detailed billing records that describes the work performed) for the work performed or costs incurred by the expert with respect to this litigation;

h.      all documents which reflect the expert's compensation with respect to this litigation;

i.      a copy of the expert's curriculum vitae ("C.V.") or resume;

j.      a copy of all articles, studies, books, or other documents upon which the expert has relied in forming his/her opinion in this litigation;

k.      a listing of all articles, studies, books, or other publications authored in whole or in part by the expert; and

l.      the expert's entire file related to his/her engagement as an expert for you in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

American Express objects to this Request on the grounds that: (i) it is premature in that it purports to require American Express to disclose any expert witnesses it may engage for an expert opinion in this action in advance of what is required under the FRCP; and (ii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity.

**REQUEST FOR PRODUCTION NO. 27:**

All documents you intend to attach to declarations or affidavits or use as exhibits as support for your opposition to any class certification motion, your summary judgment motion, or your opposition to any summary judgment motion, or as exhibits at any class certification hearing or trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

American Express objects to this Request on the grounds that: (i) it is premature in that it purports to require American Express to produce documents it

may rely on for a motion, opposition to a motion, hearing, or trial in advance of what is required under the FRCP; and (ii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity.

**REQUEST FOR PRODUCTION NO. 28:**

All written statements, declarations, or affidavits you or your attorney have obtained from any person or entity related to the subject matter of this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

American Express objects to this Request on the grounds that: (i) it is premature in that it purports to require American Express to produce affidavits in advance of what is required under the FRCP; and (ii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity.

**REQUEST FOR PRODUCTION NO. 29:**

All documents used to prepare or referenced in your Answer and Affirmative Defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

American Express objects to this Request on the grounds that: (i) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (ii) it fails to describe the requested documents with reasonable particularity; and (iii) it seeks documents that contain confidential, proprietary business information that belongs to American Express and/or third parties.

Without waiving, and subject to the previously stated objections and the General Objections, American Express responds as follows: American Express refers Plaintiff to AmEx_Duke0001 to AmEx_Duke0137 of its document production, which is subject to the Protective Order.

**REQUEST FOR PRODUCTION NO. 30:**

All documents used to prepare or referenced in your answer to any interrogatory served by Plaintiff in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

American Express objects to this Request on the grounds that: (i) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (ii) it fails to describe the requested documents with reasonable particularity; and (iii) it seeks documents that contain confidential, proprietary business information that belongs to American Express and/or third parties.

Without waiving, and subject to the previously stated objections and the General Objections, American Express responds as follows: American Express refers Plaintiff to AmEx_Duke0001 to AmEx_Duke0137 of its document production, which is subject to the Protective Order.

**REQUEST FOR PRODUCTION NO. 31:**

If any documents responsive to any of the above requests are in the hands of third parties or a vendor, produce documents sufficient to identify those third parties or vendors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

American Express objects to this Request on the grounds that: (i) it is vague and ambiguous (e.g. "in the hands of"); (ii) it is overbroad, unduly burdensome and harassing because it is not properly limited to the claims asserted in this action or relevant time period; (iii) it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case because it is not properly limited to the claims asserted in this action; (iv) it seeks confidential, proprietary business documents that belong to American Express and/or third-parties; and (v) it

1  seeks documents in which non-parties have a legitimate expectation and/or right of

2  privacy pursuant to Constitution, statute and/or case law.

3

4  Dated: September 19, 2023                STEPTOE & JOHNSON LLP
                                           STEPHEN J. NEWMAN
5                                          ALICE KWAK

6

7                                          By: _____

8                                                   Alice Kwak

9                                          *Attorneys for Defendant*
                                           AMERICAN EXPRESS NATIONAL
10                                         BANK, erroneously named as
                                           AMERICAN EXPRESS COMPANY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO
PLAINTIFF'S REQUESTS FOR PRODUCTION, SET NO. ONE

1

## **VERIFICATION**

2       I am authorized to make this Verification on behalf of defendant American

3 Express National Bank ("American Express"), erroneously sued as American

4 Express Company.  I have read the foregoing Responses to Plaintiff's Requests for

5 Production, Set One, (the "Responses") and know its contents.  The matters set forth

6 in the Responses are true of my own personal knowledge, except where such

7 knowledge is based on a review of American Express's books and records and, as to

8 such matters, I am informed and believe that they are true.

9       I declare under penalty of perjury under the laws of the United States that the

10 foregoing is true and correct.

11       Executed this 19ᵗʰ day of September, 2023 at _____2:01 pm_____.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 633 West Fifth Street, Suite 1900, Los Angeles, California 90071.

On **September 19, 2023,** I served true copies of the following document(s) described as **DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET NO. ONE** on the interested parties in this action as follows:

| | |
|---|---|
| Nathan Brown | Avi R. Kaufman |
| Nathan.Brown@BrownPatentLaw.com | kaufman@kaufmanpa.com |
| BROWN PATENT LAW | KAUFMAN P.A. |
| 15100 N 78th Way Suite 203 | 237 S Dixie Hwy, 4th Floor |
| Scottsdale, AZ 85260 | Coral Gables, FL 33133 |
| Telephone: (602) 529-3474 | Telephone: (305) 469-5881 |

☒ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 19, 2023, at Los Angeles, California.

*/s/ Inez N. Brown*
Inez N. Brown